IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 1 2006

Gi-:     : J. LANGHAM
CLERK

Civil Action No. 06-cv-00472-ZLW

OLOYEA D. WALLIN,

     Plaintiff,

v.

DIRECTOR OF DENVER DEPARTMENT OF HUMAN SERVICES,
DIRECTOR OF COLORADO DIVISION OF CHILD SUPPORT ENFORCEMENT,
RHONDA M. MAYS, and
DANA U. WAKEFIELD,

     Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Oloyea D. Wallin is incarcerated in the Colorado Department of Corrections and currently is housed at the Arkansas Valley Correctional Facility. On May 19, 2006, Plaintiff filed a *pro se* "Motion for Reconsideration of Order Dismissing Complaint." The Court must construe the Motion liberally, because Mr. Wallin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Wallin's Motion was filed more than ten days after the Court's May 2, 2006, Order and Judgment of Dismissal. Although Mr. Wallin dated the Motion May 10, 2006, he has not met the burden he is required to meet to establish his entitlement to the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988), which would provide a basis for considering the Motion as filed pursuant to Fed. R. Civ. P. 59(e). *See Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005). Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice, because Mr. Wallin failed to file his claims on a Court-approved Prisoner Complaint form, and because he failed to submit a Court-approved form that is used in filing requests to proceed pursuant to 28 U.S.C. § 1915 and a certified copy of his trust fund account statement. Plaintiff contends that he is not required to use a Prisoner Complaint form because his claims do not involve prison conditions. Nonetheless, even if Plaintiff was not required to submit his claims on a Prisoner Complaint form, he failed to submit a certified copy of his trust fund account statement and a proper Court-approved form used in requesting leave to proceed pursuant to § 1915.

Over the past three years Mr. Wallin has filed at least eleven civil actions in this Court. Plaintiff is aware of deadlines and of the requirements that he submit his claims on Court-approved forms and that he submit a certified copy of his trust fund account statement. He failed to comply with the Court's directions within the time allowed, and his request for an extension of time was untimely. The Court finds that Mr. Wallin fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's May 19, 2006, Motion for Reconsideration of Order Dismissing Complaint is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this *30* day of _____ *May* _____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00472-BNB

Oloyea D. Wallin
Prisoner No. 111389
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5 ·31·05

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk